## UNITED STATES DISTRICT COURT DISTRICT OF MAINE

NATHAN REARDON,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE,

    Defendant.

No.  2:25CV-00655-JAW

## DECLARATION OF PATRICE PARKER HALE

I, Patrice Parker Hale, declare the following to be a true and correct statement of facts, pursuant to 28 U.S.C. § 1746:

1.      I am an Attorney-Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"), and assigned to the component within EOUSA designated to administer both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *amended by* the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974 ("PA"), 5 U.S.C. § 552a (cited together as "FOIA/PA") since 2009.

2.      My official duties include having the authority to make final disclosure determinations on records requested by an individual using the FOIA/PA, to explain the rationale for EOUSA's disclosure determinations, to assure compliance with the provisions of the FOIA/PA and DOJ Regulation 28 CFR §§ 16.3 *et seq.*, and §§ 16.40 *et seq.*, as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

3.      My official duties also include: acting as a liaison with divisions and offices within DOJ when responding to access requests and related litigation; reviewing requests for access to records located within EOUSA and the 94 United States Attorney's

1

Offices ("USAOs")[1] and the case files arising therefrom; reviewing request related correspondence; reviewing searches conducted in response to requests and determining the adequacy of such searches; locating responsive records; and reviewing and preparing EOUSA's responses to FOIA/PA requests and FOIA/PA litigation cases.

4.    Due to the nature of my official duties, I have the authority to release and withhold records requested under the FOIA/PA; I have access to all EOUSA files related to this litigation; and I am personally familiar with the procedures followed by the Department in responding to the FOIA/PA request made to EOUSA by the above-captioned Plaintiff, Nathan Reardon, which serves as the basis for this litigation.

5.    I have reviewed the Complaint which this Declaration addresses and is being submitted in support of Defendants' Motion for Summary Judgment.

6.    The statements I make hereinafter are based on my review of the official files and records of EOUSA, my own personal knowledge, and information I acquired through the performance of my official duties.

7.    The purpose of this declaration is to provide a summary of the actions taken by DOJ to respond to Plaintiff's FOIA request and EOUSA's disclosure decision.

**Plaintiff's FOIA Request and EOUSA's Response**

8.    On April 25, 2025, the United States Attorney's Office for the District of Maine ("USAO-ME") received via U.S. mail a FOIA/PA request from Plaintiff. A true and accurate copy of Plaintiff's request is attached hereto as Exhibit A.

9.    Also on April 25, 2025, USAO-ME forwarded Plaintiff's request to EOUSA's FOIA/PA staff.

---

[1] United States Attorney's Offices are considered EOUSA field offices.

10.     On April 28, 2025, EOUSA notified Plaintiff, via email correspondence, that his request was received and assigned tracking number EOUSA-2025-003770. A true and accurate copy of EOUSA's correspondence to Plaintiff is attached hereto as Exhibit B.

11.     Additionally, EOUSA informed Plaintiff that his request was closed for failure to verify his identity as required by Department regulations. *See* Ex. B, pp. 2-3. Plaintiff was informed to submit a new request once he corrects the deficiency. *See id.*, p. 2. EOUSA provided Plaintiff with a Certification of Identity form to assist Plaintiff with verifying his identity. Ex. B, p. 4. EOUSA also informed Plaintiff of his appeal rights if he was not satisfied with EOUSA's adverse determination. *See id.*, p. 3.

12.     EOUSA's letter of April 28, 2025, was a final action on Plaintiff's request. *See* Ex. B, p. 3.

13.     Plaintiff did not submit a Certification of Identity form or swear under penalty of perjury that he is the person that is the subject of the record request.

14.     Plaintiff did not file an administrative appeal of EOUSA's determination.

15.     On December 30, 2025, Plaintiff filed this instant action.

### EOUSA's Rationale for Not Processing the Request Pursuant to The Privacy Act of 1974 and DOJ Regulations

16.     As described in paragraph 11, *supra*, EOUSA informed Plaintiff that his request for first-party records was defective because he failed to provide a verification of his identity.

17.     *Privacy Act of 1974.*  EOUSA processes all requests made by individuals for records pertaining to themselves under both the Freedom of Information Act (FOIA) and the Privacy Act (PA) to provide the requester with the maximum disclosure

authorized by those statutes. Criminal and Civil Case Files (Justice/USA-005 and Justice/USA-007) are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated rules exempting criminal records from the PA's access provisions as authorized by 5 U.S.C.§552a (j)(2), which appear at 28 CFR § 16.81. Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. One of USAO-ME's main functions is federal criminal law enforcement[2].

18.     Plaintiff's FOIA/PA request sought records filed in his criminal case from USAO-ME. However, without verifying his identity as mandated by DOJ regulations, EOUSA is prohibited from disclosing the requested records to the Plaintiff as they do not fall under one of the 12 Privacy Act exemptions.

19.     *DOJ FOIA Regulations.* DOJ has promulgated regulations under the authority of 5 U.S.C. §§ 301, 552, 552a, *et seq.*, related to the Procedure for Disclosure of Records under FOIA. The DOJ regulations are published under 28 C.F.R. Part 16. DOJ FOIA regulations state an individual requesting records about himself must sign the request, and the signature must either be notarized or submitted by the requester under 28 U.S.C. 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization. *See* 28 C.F.R. § 16.41.

20.     Therefore, because Plaintiff did not submit a Certification of Identity form or swear under penalty of perjury that he is the person that is the subject of the record request, EOUSA could not process his request.

---

[2] https://www.justice.gov/usao-me

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief. Executed this 7th day of August 2026.

/s/ Patricia Parker Hale

Patrice Parker Hale, Attorney-Advisor
Freedom of Information/Privacy Act Staff
Executive Office for United States Attorneys
Department of Justice