UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00655-JAW |
| | ) | |
| US ATTORNEY'S OFFICE FOR | ) | |
| THE DISTRICT OF MAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Concluding that the plaintiff had not exhausted his administrative remedies before filing suit, the court grants the defendant's motion for summary judgment.

## I. BACKGROUND

On December 30, 2025, Nathan Reardon filed a motion for leave to file (ECF No. 1) and subsequently filed a complaint against the U.S. Attorney's Office for the District of Maine (USAO), alleging that the office had violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552 by refusing to make a determination or produce the records Mr. Reardon requested within 20 business days. *Compl.* (ECF No. 4). The USAO answered the complaint on March 27, 2026, raising several affirmative defenses including failure to exhaust administrative remedies. *Answer to Compl.* (ECF No. 13). Mr. Reardon filed his demand for a trial by jury on April 9, 2026. *Demand for Trial by Jury* (ECF No. 15). The USAO subsequently filed its motion for Summary Judgment on August 7, 2026. *Mot. for Summ. J.* (ECF No. 18) (*Summ. J. Mot*). It further filed a statement of material facts in support of its motion

on August 7, 2026. *Statement of Mat'l. Fact in Support of Mot. for Summ. J.* (ECF No. 19) (DSMF). Mr. Reardon has not filed an opposition to the motion.

## II. LEGAL PRINCIPLES

### A. Effect of Failure to Respond to Motion for Summary Judgment

Despite Plaintiff's failure to respond to the motion for summary judgment, a court will not automatically grant a motion for summary judgment. *Girard v. Dodd*, No. 2:16-cv-00165-LEW, 2019 U.S. Dist. LEXIS 129294, at *6 (D. Me. Aug. 2. 2019); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7-8 (1st Cir. 2002); *Leonard v. Young*, No. CV-09-192-B-W, 2010 U.S. Dist. LEXIS 19253 (D. Me. Mar. 2, 2010) ("The failure of the non-moving party to respond does not automatically entitle the movant to summary judgment"). A court will grant a motion for summary judgment only if it is "appropriate" or, in other words, if the moving party's submission shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also NEPSK, Inc.*, 283 F.3d at 8.

### B. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (quoting *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)).

When the movant "has made a preliminary showing that there is no genuine issue of material fact, the nonmovant must 'produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'" *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007) (alteration in original) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)). The nonmoving party must provide "'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002) (quoting *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1116 (1st Cir. 1993)). Then, a "court views the facts and draws all reasonable inferences in favor of the nonmoving party," *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011), disregarding "[c]onclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Mancini v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 38 (1st Cir. 2018) (quoting *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010)).

## III. STATEMENT OF FACTS[1]

On April 25, 2025, the USAO received a FOIA/PA request from Mr. Reardon. DSMF ¶ 1. The office forwarded the request to the Executive Office for United States Attorneys (EOUSA). *Id.* ¶ 2. On April 28, 2025, the EOUSA notified Mr. Reardon that his request had been received and assigned a tracking number, but that his request had been closed due to his failure to verify his identity as required by the

---

[1] In accordance with "conventional summary judgment praxis," the Court recounts the facts in the light most favorable to Mr. Reardon's theory of the case, consistent with record support. *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 17 (1st Cir. 2002).

Department's regulations. *Id.* ¶¶ 3-4. Mr. Reardon sought records from his criminal case, which the EOUSA is prohibited from disclosing without verifying the filer's identity pursuant to their regulations. *Id.* ¶¶ 14-16. The EOUSA directed plaintiff to correct the deficiency and resubmit the request and provided Mr. Reardon with a Certification of Identity form. *Id.* ¶¶ 5-6. Mr. Reardon did not return the form or verify his identity in any other way. *Id.* ¶ 8. He additionally did not file an administrative appeal of the determination to close the request. *Id.* ¶ 9. On December 30, 2025, Mr. Reardon filed this action with the Court. *Id.* ¶ 10.

## IV. PARTIES' POSITIONS

The USAO argues that the denial of Mr. Reardon's FOIA request was required by their governing regulations. It further argues that an individual, before seeking review of agency action responsive to a FOIA request, must exhaust their administrative remedies. *Summ. J. Mot.*. at 2. Because plaintiff's FOIA request was denied based on alleged deficiencies in his application, and because he failed to appeal his denial or attempt to correct and resubmit his request, the USAO argues that Plaintiff's claim is not suitable for judicial resolution at this time. *Id.* at 3. Mr. Reardon has not opposed Plaintiff's request.

## V. DISCUSSION

In the instant case, the USAO has sufficiently established that there is no genuine dispute of material fact upon which Mr. Reardon could be granted relief were the case to proceed to trial. Because Mr. Reardon has not exhausted his administrative remedies or argued that doing so would be futile, his claim is not now

appropriate for judicial resolution. *Aguirre v. United States Nuclear Regulatory Commission,* 11 F.4th 719, 725 (9th Cir. 2021) (stating that "[a] requestor dissatisfied with an agency's response can challenge it in court but must first exhaust available administrative remedies, including an appeal within the agency" and noting that exhaustion here is a prudential consideration, with waiver available when "further administrative proceedings would prove futile"). Moreover, were the court to proceed to the merits of the case, there would be no favorable remedy available to Mr. Reardon, as the EOUSA alleges it was acting lawfully and pursuant to its governing regulations, and in fact cannot release Mr. Reardon's criminal records without first verifying his identity. *Summ. J. Mot.*at 3 (citing 28 C.F.R. § 16.41(d)).

Defendants have made a "preliminary showing that there is no genuine issue of material fact. *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007) (alteration in original) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)). Consequently, the nonmovant must show specific facts to show that there is a trial worthy issue. Here, however, Mr. Reardon has not opposed Defendant's motion, has not disputed the USAO's statement of material facts, and has not proposed his own countervailing facts. Accordingly, there is no evidence in this record of material disputed facts and, based on the undisputed facts, the USAO is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Because Mr. Reardon has not exhausted his administrative remedies, judicial intervention is foreclosed at this time.

## VI. CONCLUSION

The Court hereby GRANTS the Motion for Summary Judgment (ECF No. 18).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2026