UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00655-JAW |
| | ) | |
| US ATTORNEY'S OFFICE FOR THE DISTRICT OF MAINE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

On October 5, 2026, the Court granted summary judgment to the Defendant United States Attorney's Office (USAO) for the District of Maine and issued judgment in its favor against Nathan Reardon's Freedom of Information Act complaint, concluding that Mr. Reardon had failed to exhaust his administrative remedies before initiating suit. *Order on Mot. for Summ. J.* (ECF No. 21); *J.* (ECF No. 22) (*Order*). Neither the order nor the judgment specified whether the judgment was with or without prejudice. Order; *J.* On October 14, 2026, Mr. Reardon filed a motion to alter or amend judgment or in the alternative for relief from judgment. *Pl.'s Mot. to Alter or Amend J. under Fed. R. Civ. P. 59(e), or, in the Alternative, for Relief from J. under Fed. R. Civ. P. 60(b)(1) and for Leave to File Opp'n* (ECF No. 23). On November 4, 2026, the USAO filed its opposition. *Def.'s Resp. in Opp'n to Pl.'s Mot. to Alter or Amend J. under Fed. R. Civ. P. 59(e), or, in the Alternative, for Relief from J. under Fed. R. Civ. P. 60(b)(1) and for Leave to File an Opp'n* (ECF No. 25).

The Court denies any substantive relief to Mr. Reardon. After he filed suit on December 30, 2025, the USAO filed a motion for summary judgment on August 7, 2026 together with a statement of uncontested material facts. *Def.'s Mot. for Summ. J.* (ECF No. 18); *Def.'s Statement of Material Facts* (ECF No. 19). Mr. Reardon's opposition to the motion for summary judgment was due by August 28, 2026, but he failed to oppose the motion. On October 5, 2026, as noted above, the Court issued a six-page order, granting the USAO's motion on the ground that Mr. Reardon had failed to exhaust his administrative remedies before filing suit. *Order* at 1-6. The Court has reviewed Mr. Reardon's post-judgment motion and detects no basis for altering its ruling.

Nevertheless, based on *Lebron-Rios v. United States Marshal Serv.*, 341 F.3d 7 (1st Cir. 2003), the Court grants his post-judgment motion only insofar as he asks that the judgment be without prejudice. *Id.* at 15 (observing that "dismissal without prejudice to a future action on exhausted claims both makes practice sense and comports with the remedial purposes" of the law); *see also Franceschi v United States VA*, 514 F.3d 81, 87 (1st Cir. 2008); *Frederique-Alexandre v. Dep't of Natural & Envtl., Res.*, 478 F.3d 433, 440 (1st Cir.2007).

The Court GRANTS in part and DENIES in part the Plaintiff's Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e), or, in the Alternative, for Relief from Judgment under Fed. R. Civ. P. 60(b)(1) and for Leave to File Opposition (ECF No. 23). The Court DENIES the motion insofar as Nathan Reardon asks that the judgment be reopened to decide the exhaustion issue on a compete adversarial record,

insofar as Nathan Reardon asks that the Court excuse his failure to exhaust administrative remedies, and insofar as he requests leave to file a late opposition and responsive statement of material facts. The Court GRANTS Plaintiff's motion to amend judgment under Federal Rule of Civil Procedure 59(e) only insofar as he seeks to clarify that the judgment is without prejudice, and the Court directs the Clerk's Office to issue an amended judgment to this effect.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2026